## BRANDENBURG V. MILES.

Where a complaint failed to state sufficient facts to show wherein the refusal of defendant to remove his house from the ground in controversy was wrongful or unlawful, or that the damages claimed were the direct result of a wrongful or unlawful dispossession, occupation, trespass or detention, *held* bad on demurrer.

*Error to District Court of Arapahoe County.*

THE case is stated in the opinion.

Messrs. BROWNE and PUTNAM and Mr. J. W. JENKINS, for plaintiff in error.

Messrs. DECKER and YONLEY, for defendants in error.

STONE, J. The only question in this case is as to the sufficiency of the complaint. The said complaint, to which a demurrer for insufficiency to state a cause of action was sustained by the court below, is as follows:

" The plaintiff complains and alleges:

" I. That on the 1st day of January, A. D. 1880, he was the owner in fee simple of lot number 24, in block number 47, in the last division of the city of Denver, in said state and county, and has been from thence hitherto, and is now, the owner thereof.

" II. That on the 5th day of April, A. D. 1880, he purchased from one Joab O. Brown three inches off lot number 25 in said block, adjoining his said lot number 24, and the said fraction of said lot was on said last named day conveyed to plaintiff in fee simple, and he is now the owner thereof.

" III. That the plaintiff, having determined to construct a large and valuable brick building upon said lot and fraction, at a cost of $20,000, to cover the entire frontage of said lot and fraction, being twenty-five feet and three inches on Larimer street in said city, employed a competent architect, at a large expense to plaintiff, to draft plans and specifications for said building, the frontage of which building was, by said plans and specifications, to be twenty-five feet and three inches on said street.

" IV. That said architect accordingly drew and completed said plans and specifications and submitted them to plaintiff, and that he approved the same on, to wit, the 25th day of April, A. D. 1880, and commenced the construction of his said building in pursuance thereto.

" V. That at all of the dates aforesaid, and from thence hitherto, the defendant was and is the owner of lot number 23 in said block 47, adjoining said lot 24, on which, on, to wit, the said 25th day of April, there was erected a frame building, which building extended over and on

the lot 24 of plaintiff a distance of three inches, so that plaintiff could not occupy his entire lot.

"VI. That on, to wit, the said 25th day of April, A. D. 1880, and at divers other times before and after that day, the plaintiff requested defendant to remove this said obstruction from his, the plaintiff's, lot, but that so to do the said defendant wholly neglected and refused.

"VII. That in consequence of the said refusal of defendant, and of his wrongful act in that behalf, plaintiff afterwards, and on, to wit, the 1st day of May, was required to have all of his said plans and specifications changed and re-drawn, at an expense of, to wit, $500, and was required to and did reduce the width of his said building to twenty-five feet, and that thereby the said three inches of said lot 24 was lost to the plaintiff.

"VIII. That in consequence of the said wrongful acts of defendant, after the plaintiff had completed all of his arrangements for the construction of his said building, he, the plaintiff, was delayed in the completion of his said building for the period of two months, at an actual loss to him in the sum of $2,000, and suffered other losses in the change in the width of said building, in the loss of his first plans and specifications, and in the entire loss of the said three inches off said lot 24 in said block, which plaintiff avers has been entirely lost to him and is now of no value, in the further sum of $3,000; and plaintiff avers that he was forced to construct his said building without occupying and using the said three inches of said lot 24, because of the refusal of defendant to remove his said building therefrom.

"Wherefore plaintiff demands judgment against defendant for the sum of $5,000, his damages, and for the costs of this action."

We do not think the court erred in sustaining the demurrer. The complaint does not state a cause of action in ejectment, nor in forcible entry or unlawful detainer, nor in trespass, nor for a specific recovery of the three inches

in width of the ground specified. Nor does it appear that the plaintiff sought to state a cause of action for either of the above mentioned remedies. The only facts stated as ground for recovery of the damages claimed are that plaintiff owned certain premises on which he desired to build so as to cover the whole width thereof, and made plans accordingly; that defendant owned a house which covered a portion of said premises; that plaintiff requested defendant to remove the house from the portion in controversy, and that defendant refused; that plaintiff thereupon, instead of seeking by legal means to obtain possession of that portion of his ground claimed to be covered by defendant's house, altered his architectural plans, built a smaller house than first designed, and thereafter brings this action to recover damages for delay in the construction of his house, loss "in the width of the building," the expense of altering plans, and "the entire loss of the said three inches off said lot," and bases his right of recovery of the sum demanded as damages upon the alleged "wrongful act" of defendant in neglecting and refusing "to remove his said obstruction from the plaintiff's lot."

The complaint fails to state sufficient facts to show wherein the refusal of defendant to remove his house from the ground in controversy was wrongful or unlawful, or that the damages claimed were the direct result of a wrongful or unlawful dispossession, occupation, trespass or detention. For aught that appears in the complaint, the defendant's alleged occupation of plaintiff's ground may have been by virtue of a previous unexpired lease or some other lawful right, and such possibility of right is not precluded by the averment that the plaintiff was the owner in fee of the ground in question. The recovery of damages must in all cases rest upon facts showing a right on the part of the plaintiff to require the performance on the part of the defendant of some legal duty, a failure to perform such duty, and that the

damages sought resulted therefrom. The complaint in this case falls far short of setting out a state of facts in compliance with this rule. .Plaintiff was given an opportunity by the court below to amend his complaint, but. elected to stand thereby. Perceiving no error in the record, the judgment dismissing the complaint will be affirmed.

*Affirmed.*